

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 27, 1951

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. V-1256

Re: Authority of the Central Edu-
cation Agency to place local
funds of the Texas School for
the Deaf Independent School Dis-
trict in a local bank account
to be spent by the Texas Ed-
ucation Agency for the de-
scribed purposes.

Dear Dr. Edgar:

Your request for an opinion relates to the authority of
the State Board of Education to keep local funds of the Texas
School for the Deaf Independent School District in a local bank
account to be expended for the purposes set forth in Article 2827,
V.C.S. Inasmuch as the Texas School for the Deaf is an inde-
pendent school district, it is your opinion that the general laws
governing independent school districts should govern and not the
appropriations act (H.B. 426, Acts 52nd Leg., 1951), which estab-
lishes a Board Local Fund to be expended as provided in the act.
Your request for an opinion states:

"Under the provisions of Senate Bill 393, jurisdiction
over the Texas School for the Deaf Independent School
District was transferred to the Texas Central Educa-
tion Agency. This school has the status of an independ-
ent school district, and under the provisions of general
statutes governing the operation of independent school
districts, receives the per capita apportionment on the
scholastics enumerated at the school each year. The
Appropriations Act for the 1951-53 biennium does not
make specific reference to local funds at the Texas
School for the Deaf Independent School District.

"Local funds received by the school each year are (1)
a $10 fee paid by each student each year, (2) revenues
derived from sale of products and services in the vo-
cational shops, (3) profits from vending machines and
(4) athletic funds derived from athletic contests. These
funds have for the past several years been used by the
school to pay the expenses of organized athletic con-
tests and to provide special services to the children

which include such things as rental of motion pic-
ture films, other entertainment, cleaning and press-
ing, shoe repair and other similar services. It is
the practice in independent school districts through-
out the state to use funds derived from similar sources
in about the same way that the Texas School for the
Deaf Independent School District has used these funds
during prior years.

"Does the Texas Central Education Agency have auth-
ority under the general statutes governing independ-
ent school districts in Texas to establish a local main-
tenance account in the depository bank for the Texas
School for the Deaf Independent School District? If
the answer to the above question is in the affirmative,
does the Texas Central Education Agency have the
authority to expend local funds deposited in the local
maintenance account of the Texas School for the Deaf
Independent School District for the purposes enumer-
ated above?"

Senate Bill 393, Acts 52nd Leg., 1951, ch. 175, p. 296,
which transferred exclusive jurisdiction and control of the State
School for the Deaf to the Texas Central Education Agency, pro-
vides in part:

"The central education agency shall have ex-
clusive jurisdiction and control over the State School
for the Deaf; and it shall be the duty of the Commis-
sioner of Education to appoint a superintendent for
that school subject to approval of the State Board of
Education. Such jurisdiction shall extend to the phys-
ical assets of said school and appropriations made
for the benefit of the school shall be administered
and expended by the education agency."

Immediately following the appropriation to the Texas
School for the Deaf, Article II of House Bill 426, Acts 52nd Leg.,
1951 (general appropriation bill), provides:

"All funds herein appropriated to the Texas
School for the Deaf for the biennium ending August
31, 1953, shall be expended by the Central Educa-
tion Agency under authority of Senate Bill No. 393,
Acts of the Fifty-second Legislature, 1951, in ac-
cordance with the provisions, restrictions and lim-
itations provided in this Article."

Article II of House Bill 426 further provides as follows:

"Sec. 10. There is hereby established a Board
Local Fund. All unencumbered balances remaining
in all local funds of the several institutions under the
jurisdiction of the Board [Board for State Hospitals
and Special Schools] on September 1, 1951, are hereby
appropriated to the Board Local Fund, except funds
deposited to the credit of the Independent School Dis-
tricts of such institutions, and funds held in Trust
for patients or students. All future receipts from
pay patient collections, from the sales of merchan-
dise in the small stores operated by the several in-
stitutions, and from all other sources not specific-
ally appropriated for other purposes in this Article,
are hereby appropriated to the Board Local Fund.
No money shall be expended from the Board Local
Fund except as provided in this Article."

Prior to the enactment of Senate Bill 393, jurisdic-
tion over the School for the Deaf was vested in the Board for
Texas State Hospitals and Special Schools. Arts. 3174a-3174b,
V.C.S.

Senate Bill 393 transferred exclusive jurisdiction
and control of the Texas School for the Deaf to the Central
Education Agency as of May 16, 1951. The paragraph following
the line items of the appropriation for the Deaf School reiter-
ates that control and jurisdiction over the School is in the Cen-
tral Education Agency. We do not think Section 10 of Article
II of House Bill 426 applies to the Texas School for the Deaf.
It states: "All unencumbered balances remaining in all local
funds of the several institutions under the jurisdiction of the
Board on September 1, 1951, are hereby appropriated to the
Board Local Fund . . ." (Emphasis added.) This is not an at-
tempt to transfer the Deaf School to the jurisdiction of the
Board for Texas State Hospitals and Special Schools, but mere-
ly a provision relating to institutions that are under its con-
trol. Therefore, Section 10 has no application to the facts pre-
sented to us, and the Central Education Agency has authority
to establish a local maintenance account.

Your second question relates to the authority of the
Central Education Agency to expend local school funds for or-
ganized athletic contests and to provide special services such
as the rental of motion picture films, other entertainment,
cleaning and pressing, shoe repair, and similar services.
These local funds are derived from tuition, revenue from the

sale of products and services, profits from vending machines, and from admissions to athletic contests. The general appropriation bill does not control the expenditure of moneys which are in the local fund, since those funds are not derived through any appropriation in House Bill 426.

The State Board of Education has, under the authority of Article 2666, V.C.S., created an independent school district at the Texas School for the Deaf. Therefore, the expenditure of local school funds is governed by the law pertaining to independent districts so far as applicable. Article 2667, V.C.S.

Article 2827, V.C.S., the statute pertaining to the expenditure of local funds of independent school districts, provides in part as follows:

"2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein."

Under this section the trustees are vested with discretion in expending these funds. Under Attorney General's Opinion O-7183 (1946), it is clear that the funds may be expended for recreational activities deemed necessary by the trustees. We think it is equally clear that the trustees may expend these funds for ordinary services which the trustees deem necessary. Since the Texas School for the Deaf provides clothing and shoes for scholastics when necessary, it is only reasonable that the Central Education Agency may, within its discretion, spend part of this fund for maintenance of these articles of wearing apparel.

## SUMMARY

The Texas Central Education Agency is authorized to establish a local maintenance account for the

Texas School for the Deaf Independent School District. S.B. 393, Acts 52nd Leg., 1951, ch. 175, p. 296; Arts. 2666, 2667, and 2827, V.C.S. Funds in this account may be expended for recreational activities, maintenance of wearing apparel, and similar services deemed necessary to the proper conduct of the school. Art. 2827, V.C.S.

Yours very truly,

APPROVED:

Bruce Allen
County Affairs Division

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

BW:b

PRICE DANIEL
Attorney General

Burnell Waldrep

E. Wayne Thode
Assistants